JOHN S. CUSHWA and others, *vs.* ISAAC B. CUSHWA
and others.

A judgment for $4689.86 was revived by a *scire facias* against the heirs and
terre-tenants of the debtor, and under a *fi. fa.* thereon certain lands were
sold for $2000. This sale was set aside, and under a new *fi. fa.* the same
lands were sold to the plaintiffs in the judgment for $50. These lands were
all the property liable to the judgment, and an ejectment was pending
between the parties involving the title thereto. HELD, that under these
circumstances, the last sale ought not to be set aside for inadequacy of
price.

After parties have permitted themselves to be returned under a *scire facias* as
heirs and terre-tenants, and a *fiat* has been rendered against them as such,
and the land sold under execution thereon, it is too late for them to object
to the sale that they had no interest in the land.

APPEAL from the Circuit Court for Washington county.

This appeal is taken from the order of the court below,
(PERRY, J.,) setting aside a sale by the sheriff of certain
lands under an execution. The lands and the parties are the
same as those mentioned in the preceding case of *Cushwa vs.
Cushwa's Lessee.* The record shows that the lands were
appraised at the sum of $11,368.64. The facts of the case
are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLE-
STON and MASON, J.

*William Price* for the appellants. The only question is,
whether the sale should be set aside for inadequacy of price?
In no event could the situation of either party be changed by
more or less being given for the land within the sum for
which the judgment was rendered. The only thing sold was
Benjamin Cushwa's interest in it, and he having no title, the
property could only be expected to sell for a *nominal* price.
The pendency of the ejectment suit could not prevent a sale
under a *fi. fa.*, of whatever *equitable* title the parties might
have, for this is not affected by the ejectment. The parties

seeking to set aside the sale must show *affirmatively* that the land was worth more than what it sold for.

*George Schley* for the appellees. The appellants are in a singular position. In the ejectment suit they claim the land, while in this, by the issue of this *fi. fa.*, they admit the land belongs to the appellees, for surely they cannot have execution against their *own* lands. If the appellees have no interest in the lands the *fi. fa.* was improperly issued, and the sale under it is void, and if they have an interest it is clearly worth more than $50, especially as the record shows that under the previous sale it was sold for $2000.

ECCLESTON, J., delivered the opinion of this court.

In November 1847, the appellants obtained a judgment against Benjamin Cushwa for $4689.86, debt, with interest thereon from the 5th of April 1839. Shortly after the judgment Benjamin Cushwa died, and in 1848 a writ of *scire facias* was issued and served upon the appellees, as heirs and terre-tenants of the original defendant. On that *scire facias* a *fiat* was entered in March 1849, and upon it a *fieri facias* issued in April 1851. Under this writ the land, formerly held by Benjamin Cushwa, was sold to the appellants, and Elizabeth, the wife of David Brewer, for $2000. On motion this sale was set aside, and a new *fieri facias* issued, under which the same land was sold to John S. Cushwa and David Brewer, for $50.

In November 1852, at the instance of the appellees, a rule to show cause why this second sale should not be set aside was laid. The reasons assigned for setting aside the sale are:

1st. That the lands were sold at a grossly inadequate price.

2nd. That due and legal notice had not been given.

3rd. That there was no competition at the sale, there being no other bidders than the purchasers, who purchased at their first bid.

An answer to the rule was put in by the appellants denying the reasons assigned.

It is admitted that the personal estate of Benjamin Cushwa had been fully administered, and the proportion thereof applicable to this judgment had been paid, and that Benjamin had no other real estate than that sold under the execution.

The lands included in the sale had been previously conveyed by Benjamin to John. And there being no personal or real estate, other than the lands in controversy, to which the plaintiffs in the judgment could look for payment of the large amount conceded to be unpaid, although the sale was nominally for $50, in reality it was for a sum equal to the amount due on the judgment, so far as the purchasers were concerned.

In addition to this, there was an ejectment suit then pending between these parties, involving the title to the land.

In view of these circumstances, we do not think the sale ought to have been set aside on account of inadequacy of price. The other reasons were not urged. In regard to the want of notice there is no evidence to controvert the sheriff's return, and no proof was offered in relation to the last reason assigned.

In the argument on behalf of the appellees it was said, the purchasers were contending in the ejectment that they, the appellees, had no title to or interest in the lands, and therefore the appellees now insist, that if they had none their interest in them could not be sold under a *fieri facias;* for the law will not allow a plaintiff in a judgment to levy an execution upon the property of a party who is not a defendant in the judgment, and under such a levy sell the interest of the defendant, when in fact he has none. But it is to be recollected that in this instance the defendants were returned under the *scire facias*, as heirs and terre-tenants of Benjamin Cushwa, in regard to the lands in dispute. If they were not such heirs and terre-tenants, they might have pleaded that to the *scire facias*, but they did not, and the *fiat* was rendered against them, as such heirs and terre-tenants. Now, when by virtue of an execution under that *fiat*, the lands are sold, it is too late for the appellees to say they had no interest.

8    v.5

Moreover, if they had no interest, $50 was not a very inadequate price to give for their title.

Believing the court below erred in setting aside the sale, we must reverse the order passed by them on that subject.

*Order reversed.*